JOSEPH STOUT

*v.*

SAMUEL OLIVER.

40  245
28a  321

BURDEN OF PROOF—*impeaching a judgment for fraud.* Where a party seeks to impeach a judgment and enjoin its collection, on the ground of fraud, the burden of proof rests upon him to establish it.

APPEAL from the Circuit Court of La Salle county; Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a bill in chancery, filed by the complainant in the court below, to vacate a judgment obtained by the defendant against him, at the November Term, 1862, of the Circuit Court of La Salle county. On the hearing of the cause, the court decreed the injunction before granted, prohibiting the defendant from enforcing the collection of his said judgment against complainant, to be perpetual, and also ordered, that the defendant pay the costs, and that execution issue therefor. From this order the defendant has appealed to this court. The facts in the case are fully stated in the opinion.

Messrs. WALKER, BROWN & RICE, for the appellant.

Messrs. BUSHNELL & AVERY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The evidence in this case does not sustain the allegations in the bill, or the decree. It is admitted by both parties that when the note of August 8, 1860, for $190.62 was given, there was in the hands of Stout a note formerly given to him by Oliver for about forty dollars, and the real question in this case is, whether this old note formed a part of the consideration of the new one and was then canceled, or whether it remained in the hands of Stout as evidence of an independent indebted-

ness. It is further admitted by the pleadings, that, subsequently to this, a note from Stout to Oliver was paid by two smaller notes taken in its place, running to one Forrest, who afterward assigned them. Oliver insists that these two new notes were given in place of the note for $190.62, and that therefore the judgment afterward confessed on this note in favor of Stout by Oliver's attorney—in fact was fraudulent. Stout, on the other hand, insists that the note for $40.50 had been renewed by a new note for $97.00, and that it was this note for $97.00 for which the smaller notes were given and made payable to Forrest. Now, in determining the questions whether the note for $40.50 was included in the note for $190.62, and whether the two notes given to Forrest were given in lieu of this larger note, which, with its accruing interest, amounted to about three hundred dollars, or in lieu of the smaller note, alleged by Stout to be still an outstanding debt, and to amount to about one hundred dollars, it is certainly desirable to know what was the amount of these small notes. In connection with such facts as are admitted by the pleadings this circumstance might be decisive of the case. But on this point the record before us is wholly silent. Nor is there any proof which supplies its place. The only evidence preserved in the record, is of a very indefinite character, and relates to conversations between the parties years ago. The burden of making a clear case was upon the complainant, who alleges fraud, and on that ground seeks to impeach a judgment and enjoin its collection. It was easily in his power to show the amount of these small notes, as he alleges in his bill by whom they are owned, and that one of them has passed into judgment. As the record now stands the proof is insufficient. The decree must be reversed and the case remanded with leave to the parties to take further evidence.

*Decree reversed.*