ANN DALY AND MICHAEL DALY

v.

E. J. OGDEN AND LORENZ REITZ.

28  319
52  657

*Judgments—Bill to Vacate—Fraud—Injunction—Practice—Failure to Assign Errors.*

1.  The burden of proof rests upon one who seeks to impeach a judgment and enjoin its collection on the ground of fraud.

2.  This court declines to interfere with a decree dismissing a bill to vacate a judgment and enjoin its collection, the evidence being sharply conflicting and no errors being assigned on the record.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellants.

Mr. FRED. BENNITT, for appellees.

UPTON, J.  This was a bill in chancery filed in the Circuit Court of Will county to vacate a judgment and perpetually enjoin the execution thereof, filed in said court at the September term thereof, 1886, upon which, on appellant's application, a temporary injunction was issued.

The bill recites in substance that on the 5th day of May, A. D. 1886, E. J. Ogden, one of the appellees, through his agent, E. C. Ogden, and his attorney, Fred. Bennitt, caused a judgment to be confessed and entered of record in the Circuit Court of Will county against the appellants for the sum of $89.95, of which $25 was for attorney's fees; that said judgment was entered in vacation after the September term of the said court, 1886; that the said appellee, Ogden, caused an execution to be issued upon the judgment and placed the same in the hands of the sheriff of Will county to

execute ; that said sheriff, in pursuance of the command of said writ, to enforce collection thereof, the same not having been paid on demand by appellants, levied said execution on lot five (5), in block numbered seventeen (17), in North Joliet, in the city of Joliet, Will county, Illinois, and was about to advertise and sell said lot to satisfy said execution.

Appellants further charge in their said bill that said judgment was entered without their authority, knowledge or consent; that the note and warrant of attorney was never executed by them, or either of them, and was a forgery; that they were in no manner indebted, either jointly or severally, to the appellee, plaintiff in that judgment. The bill prayed for an injunction against the sheriff to prevent a sale of said property and for a cancellation of the judgment, and that such injunction be made, on hearing, perpetual.

To this bill appellees filed their answer by which, in substance, they deny fully and positively that said note and warrant of attorney was a forgery as alleged in the bill, or that the said judgment was had or taken without proper and lawful authority in law and in fact, expressly denying all the material allegations of the bill of complaint. To which answer appellants filed a replication and the cause was heard by the presiding judge of the Will county Circuit Court, sitting in chancery, and upon such hearing said court, by its decree entered of record therein, found the allegations of appellant's bill to be untrue, and found the equities of the case to be with the appellees, dissolved the preliminary injunction, and on suggestion and motion of appellee and proofs heard, assessed the damages for the wrongful issuance of said injunction at the sum of $9.

From which finding and decree the case is before this court on appeal, upon which a reversal is sought, but no errors are assigned upon the record by appellant, or cross-errors by the appellee. The said appeal might therefore be dismissed under rule 15 of this court.

We have, however, carefully looked into the record of this case and find that the evidence on the hearing was sharply contradictory and wholly irreconcilable, the appellants testify-

ing positively that they never signed the note or warrant of attorney, but admitting that Dr. Ogden, one of the appellees, was employed by them and that they were indebted to him for medical services.

On the part of the appellees, Dr. Ogden testified that appellants did sign the note and power of attorney in his presence for an actual indebtedness due from appellants to his father, and he was corroborated by the testimony of one R. F. Williams, who was sworn and testified on the hearing, as also by the surrounding circumstances in the case.

It is an established rule of law, where a party seeks to impeach a judgment and enjoin its collection on the ground of fraud, the burden of proof rests upon him to establish it. Stout v. Oliver, 40 Ill. 245.

The presiding judge who heard the case in the court below and saw the witnesses, could far better judge of their credibility than we can possibly do, and his decision should not be set aside unless it clearly appears that he was in error in the determination of the cause, and no error being specified as having been committed and none being discovered on examination of the record, the decree of the court below is affirmed.

*Decree affirmed.*